## Richmond.

### ARMSTEAD v. COMMONWEALTH.

March 29, 1912.

1. INTOXICATING LIQUORS—*Byrd Liquor Law—Local Option Territory—No License Territory.*—A town which, at the last election held on the subject, voted in favor of license to sell ardent spirits, is not "local option territory," nor is it "no license territory," within the meaning of the "Byrd Liquor Law" (Acts 1910, ch. 190), if the circuit court for the county had the right, under certain conditions, to grant license to sell ardent spirits therein. The fact that no license to sell ardent spirits in fact exists, and that previous licenses have been revoked because the place is "not suitable, convenient, and appropriate, and that proper and satisfactory police protection is not afforded," does not render the town "no license territory," within the meaning of the statute. "No license territory" is such territory as, under the prohibition of some act of the legislature, no license *can* be granted for the sale of ardent spirits in that territory.

Error to a judgment of the Circuit Court of Orange county.

*Reversed.*

The opinion states the case.

*V. R. Shackleford,* for the plaintiff in error.

*Samuel W. Williams, Attorney General,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

This is a prosecution by the Commonwealth against Howard Armstead, the plaintiff in error, for shipping ardent spirits into the town of Orange, in violation of section 30 of an act of Assembly approved March 15, 1910. (Acts 1910, ch. 190, pp. 289, 302.)

That section is as follows: "In every shipment of ardent spirits

into local option or no license territory the consignor shall mark
plainly on the outside cover of every package containing ardent
spirits, so that it may be easily seen and read, the kind and quan-
tity of ardent spirits therein contained, and the name of the
*bona fide* consignee of said package."

The facts of the case were agreed, and are as follows:

"That the town of Orange, in the county of Orange, State of
Virginia, is a town of five hundred inhabitants or more by the
United States census of 1900 and of 1910; that by vote, under the
local option law, the magisterial district in which said town is
located, in the year 1907, declared in favor of the issuance of
license for the sale of ardent spirits. Since then no election on
said question has been petitioned for or held in said district.

"On motion of C. D. Quisenberry, on the 31st day of March,
1908, to revoke and set aside orders entered on the 23d day of
March, 1908, granting licenses to George A. Gaines, Mason &
Rhoades, C. W. Hickey, and Joel M. Cochran & Co., respectively,
granting the said parties a license to sell intoxicating liquors and
malt beverages in said town, the circuit court for the county of
Orange entered the following order in each case.    *    *    *    *

" 'On motion to revoke and set aside the order entered on
the 23d day of March, 1908, granting to George A. Gaines a
license to sell intoxicating liquors and malt beverages in the town
of Orange, Va., on the ground that the place of sale is not suitable,
convenient, and appropriate, and that proper and satisfactory
police protection is not afforded.

" 'On motion of C. D. Quisenberry, he is admitted a contestant,
and allowed to make his motion to revoke and set aside said order,
and the court, having fully heard the evidence and the argument
of counsel, is of the opinion that the place where it is proposed to
sell the intoxicating liquors and malt beverages is not suitable,
convenient, and appropriate, and that there is not proper and
satisfactory police protection; therefore, it is considered by the
court that the order granting said license be, and the same is
hereby, set aside and revoked, and the said C. D. Quisenberry
recovers his costs in this behalf expended.'

"Since that time no further application has been made to
the court for such license, and there has been no licensed sale of

intoxicating liquor or malt beverages or ardent spirits in said town from the said 31st day of March, 1908.   * * * * *

"It is further agreed that Howard Armstead, who resides in the city of Washington, D. C., did, on the 1st day of August, 1911, after having purchased his transportation from Washington, D. C., to Orange, Va., check, in the customary manner, *via* the C. & O. Railway, a certain trunk wherein was contained three and five-eighths gallons of whiskey, in half-pint bottles, together with an old torn blanket; that after his arrival on said train, it being the same train on which his trunk arrived, the said trunk was delivered, on presentation of said check, to an agent acting for said Howard Armstead, for the purpose of hauling the same from the railroad station at Orange, Va., and thereupon was seized by the officers. There is no evidence of any sale of the whiskey by said Armstead, and this statement of facts is for the purpose of trying a certain warrant against the said Armstead, under section 30 of chapter 189 of Vol. 3, Pollard's Supplement, said act being known as the 'Byrd Law,' and for no other purpose. The trunk was not marked plainly on the outside cover, so that it could be easily seen and read, with the kind and quality of ardent spirits therein contained, nor was the name of the *bona fide* consignee of said trunk so marked, nor was it marked in any other manner."

There was a verdict and judgment in favor of the Commonwealth, and to that judgment this writ of error was awarded.

There are four assignments of error, but, in the view we take of the case, it will be necessary to consider only the first—viz., that "the town of Orange is neither 'local option' nor 'no license' territory, within the meaning of the statute under which the accused was prosecuted.

Sub-section c of section 19 of the said act declares that, wherever used in the act, "the words 'local option territory' shall be held to mean the territory which, by vote under the local option law, has declared against the issuance of license for the sale of ardent spirits, and the words 'no license territory' shall be held to mean the territory in which, under the prohibitions of this or any other act, no license can be granted for the sale of ardent spirits."

It is clear, from the facts agreed in the case, that the town of Orange is located in a magisterial district which voted against local option in the year 1907, which was the last local option election held in the district, and that the town was not, therefore, local option territory.

It is also clear that the town of Orange is not "no license territory," within the meaning of the statute. "No license territory" is such territory as, under the prohibition of some act of the legislature, no license can be granted for the sale of ardent spirits in that territory. There is nothing in the act approved March 15, 1910, or in any other act of Assembly which prohibits license from being granted for the sale of ardent spirits in the town of Orange, under the conditions and requirements of section 141 of the Tax Bill. (2 Pollard's Code, pp. 2253, 2256.) In fact, license to sell ardent spirits in the town had been granted, and had been subsequently revoked by the court, because, as stated in the orders of the court, the places of sale were not convenient and appropriate, and proper and satisfactory police protection was not afforded. Since the circuit court had the right, under certain conditions, to grant license to sell ardent spirits in the town, it was not "no license territory," within the meaning of section 19 of the act approved March 15, 1910.

The judgment complained of must be reversed, the verdict set aside, and the prosecution dismissed.

*Reversed.*